IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-43-BO

| | |
|---|---|
| HOLLY OLDFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 22, 28]. A hearing was held on these matters before the undersigned on November 10, 2020 via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for period of disability and disability insurance benefits pursuant to Title II of the Social Security Act and her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff was previously found to be disabled beginning on February 2, 2002, but the agency subsequently determined that she was no longer disabled beginning on May 15, 2015 due to failure to cooperate. Plaintiff subsequently filed applications for benefits on July 12, 2016 and August 4, 2016 and alleged a disability onset date of July 1, 2003. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), which occurred on November 21, 2018. The ALJ re-opened the agency's prior decision terminating plaintiff's benefits and issued an unfavorable ruling, finding that plaintiff was

not disabled as of May 15, 2015 and that she had not become disabled again, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements and had not engaged in substantial gainful activity, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. The ALJ found that plaintiff could perform light work with limitations and that jobs existed in significant numbers in the national economy that plaintiff could have performed since May 15, 2015.

Plaintiff challenges the ALJ's RFC finding as unsupported. Contrary to plaintiff's argument, the ALJ considered consultative examiner Dr. Sumners's opinion and adequately explained why he gave the opinion little weight. Plaintiff does not identify an opined functional limitation that exceeds the ALJ's RFC finding, and, even if a possible limited ability to vocalized were an opined functional limitation, the ALJ found reasonable accommodating limitations. In her

3

challenge, plaintiff cites subjective statements to Dr. Sumners, rather than a medical opinion written by him. There is no medical evidence to support many of plaintiff's claims and allegations; instead, Dr. Sumners's evidence appears to be largely based on plaintiff's subjective claims. Instead, the opinion of Dr. Sumners conflicts with the rest of the record. Based on a September 2016 consultative examination, Dr. Odeke found no clubbing, cyanosis, or edema in the extremities; full strength through the musculoskeletal system; normal sensation; no joint swelling, erythema, effusion, tenderness, or deformity; the ability to lift, carry, and handle light objects; the ability to squat and rise with ease; the ability to rise from a sitting position without assistance; no difficulty getting up and down from the exam table; the ability to heel and toe walk with ease; and the ability to tandem walk normally. *See* Tr. 22, 480–81. Dr. Odeke also found that plaintiff was alert, had good eye contact and fluent speech, had appropriate mood and clear thought process, had normal memory and good concentration, and was fully oriented. Tr. 480. As to plaintiff's mental issues, one State-agency psychological consultant found that plaintiff could understand and retain simple instructions and appeared capable of performing simple, routine, repetitive tasks, while the other found that plaintiff's mental-health conditions were non-severe. Tr. 22, 104, 90–92, 118.

Furthermore, although plaintiff argues that the ALJ should have credited her testimony regarding the severity of her symptoms and functional limitations, the ALJ sufficiently explained her reasons for assessing plaintiff's RFC without the limitations she sought. Treatment notes showed that plaintiff's squamous papilloma was benign; that her voice was improving; that she continued to smoke; that she had normal physical-examination findings; and that her neurological system, pulmonary functioning, cardiovascular system, neck, and overall musculoskeletal

4

examination were normal. Tr. 21, 353. As for objective tests, a July 2018 EKG was normal, a July 2018 chest x-ray indicated no acute cardiopulmonary abnormality, a July CT neck scan was generally normal, and an August 2017 ultrasound indicates that plaintiff's lymph nodes were not enlarged. Tr. 21–22, 1108, 1157, 1251–53, 1157, 1293, 1296–97, 1302.

The Court finds no error in the ALJ's analysis or explanation of the weight afforded to Dr. Sumners's opinion or plaintiff's own testimony. The RFC finding is sufficiently supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 22] is DENIED and defendant's motion [DE 28] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 22 day of November, 2020.

Terrence Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE